IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRITTANY BYRD**                                                                **PLAINTIFF**

v.                        **CASE NO. 4:22-CV-01208-BSM**

**WILLIAM TAPLEY,** *et al.*                                    **DEFENDANTS**

**LUTHER SUTTER; LUCIEN GILLHAM; and**
**SUTTER & GILLHAM, PLLC**                                   **RESPONDENTS**

## ORDER

Sutter and Gillham's motion to stay the ruling on Brittany Byrd's petition to discharge their attorney's lien [Doc. No. 81] is denied because a stay is not warranted.

After Byrd filed her petition [Doc. No. 63], she sued Sutter and Gillham in state court for malpractice related to their representation of her in this lawsuit. *Byrd v. Gillham et al.*, No. 23CV-24-809 (Faulkner Cty. Cir. Ct.). Sutter and Gillham then filed counterclaims for breach of contract, defamation, promissory estoppel, quantum meruit, unjust enrichment, and restitution. They contend that the ruling on the attorney's lien petition should be stayed because it will impair their right to a jury trial in the state case. They also argue that *Colorado River* abstention applies because the state case is a parallel proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Sutter and Gillham have not shown how resolving the attorney's lien petition would prevent them from trying their defamation and breach claims before a jury in state court. Nor have they shown that *Colorado River* abstention is appropriate because this case and the state case are not parallel. For cases to be parallel, the state and federal proceedings must be

substantially similar, which "occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013).  While the cases have the same parties and involve the same set of circumstances, resolution of the malpractice, breach, defamation, and equitable claims in the state case would not fully dispose of the attorney's lien issue in this case. Accordingly, abstention is not warranted.  *See id.* ("When any doubt exists as to the parallel nature of concurrent state and federal proceedings, the district court cannot utilize *Colorado River* to refuse its jurisdiction.").

    IT IS SO ORDERED this 15th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE