**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRITTANY BYRD** **PLAINTIFF**

**v.** **CASE NO. 4:22-CV-01208-BSM**

**CHIEF WILLIAM TAPLEY; ASSISTANT CHIEF CHRIS HARRIS; MAJOR CLAYTON SMITH; LT. ANDREW BURNINGHAM; MAYOR BART CASTLEBERRY; MAJOR MIKE WELSH, In Their Individual and Official Capacities; and THE CITY OF CONWAY** **DEFENDANTS**

**ORDER**

The Eighth Circuit remanded for additional analysis so that it has a record upon which to determine whether William Tapley is immune from Brittany Byrd's failure-to-promote claim.

I agree with the majority that my qualified immunity analysis is lacking, but I also agree with the concurrence that it is "understandably short" because: (1) there is no dispute that Byrd has a clearly established right to be free from intentional discrimination; and (2) whether Byrd established a prima facie case of discrimination and whether Tapley has provided legitimate non-discriminatory reasons for hiring Jeff Burroughs, a male officer, over Byrd are not disputed. The only question is whether Byrd has established that the reasons Tapley offered for hiring Burroughs are pretext. Without analysis, I held that this question is "close enough to warrant consideration by a jury." Doc. No. 162 at 10. The following is how I reached this ruling.

Tapley states that Burroughs was promoted because he was senior to Byrd, held a commission on law enforcement standards and training senior certificate, had patrol and narcotics experience, had military service, and served in leadership roles. Doc. No. 150 ¶ 303. Byrd states that this is pretext because she was objectively more qualified than Burroughs. Doc. No. 148 at 5–9. In support of this, she points to the record which shows that she scored higher on the promotion exam and had more training hours than Burroughs. Doc. No. 150 ¶ 187; Doc. No. 149, Ex. CC, Byrd's Training Hours, Ex. DD, Burroughs's Training Hours. Notwithstanding Byrd's belief that she is more qualified than Burroughs, the record also shows that Burroughs was employed by the department four years longer than Byrd and had high performance evaluations. Doc. No. 150 ¶¶ 1, 296, Doc. No. 137, Ex. 104, Burroughs Personnel File at 14782, 14778, 14880, 14885, 14906, 14914, 14928, 14948, 14958, 14962, 14979, 14985, 14992, 14996, 15003, 15008.

Based on the record, my judgment is that there is a factual dispute as to whether Burroughs was more qualified than Byrd and this warrants consideration by a fact-finder who is permitted to weigh the evidence. Doc. No. 162 at 10. I appreciate the cases establishing that "no inference of discrimination . . . arise[s]" in disputes involving similarly qualified comparitors. *Byrd v. Tapley*, No. 25-2527, 2026 WL 2321966, at *3 (8th Cir. 2026) (Kobes, J., concurring) (*citing Pilot v. Duffy*, 143 F.4th 924, 930 (8th Cir. 2025)). I also recognize that a reasonable juror could find that Burroughs's experience and performance show that he was more qualified than Byrd. On the other hand, a reasonable juror could find that Byrd's performance on the written examination and her greater training hours show that she

was objectively more qualified than Burroughs. *See, e.g.*, *Griggs v. Duke Power Co.*, 401 U.S. 424, 436 (1971) ("Nothing in the Act precludes the use of testing or measuring procedures; obviously they are useful."); *Ricci v. DeStefano*, 557 U.S. 557, 584 (2009) ("Employment tests can be an important part of a neutral selection system that safeguards against the very racial animosities Title VII was intended to prevent.").

Given the facts and the diametrically opposing positions of the parties (neither of which is unreasonable), I would have to weigh the evidence to conclude who was more qualified. Indeed, I would have to weigh the evidence to determine whether Byrd and Burroughs are closely qualified. And this conflicts with the summary judgment standard prohibiting trial courts from weighing evidence and requiring trial judges to view all facts in the light most favorable to Byrd. *See* *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007); *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008) (evidence is not weighed and no credibility determinations can be made).

Finally, my bald determination that this dispute is a close call is not a statement merely addressing the qualifications of Byrd and Burroughs. *Byrd v. Tapley*, 2026 WL 2321966, at *3 (8th Cir. 2026) (Kobes, J., concurring) (district court thought the qualifications were "close enough to warrant consideration by the jury" on the question of pretext). It was meant to convey that all of the factors that a trial judge must consider in making such a ruling, including the facts, arguments, and law, were very close on the issue of whether Tapley is immune. Indeed, I initially wrote this order to grant qualified immunity but revised it because I recognized that I would have to weigh the evidence to reach that

conclusion.

IT IS SO ORDERED this 15th day of September, 2026.

UNITED STATES DISTRICT JUDGE